### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Case No. 15-cv-01891-WJM-NYW

VERNON FRAYER,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, and EQUIFAX INFORMATION SERVICES, LLC,

    Defendants.

### PROTECTIVE ORDER

The Court having considered the parties joint motion for protective order and finding that good cause therefore exists to protect the documents and information described therein from public disclosure, ORDERS as follows:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action that are designated to be confidential subject to this Order in accordance with the terms hereof, including, but not limited to, Defendants' policy and procedure manuals relevant to this case and their training manuals, if requested by Plaintiff. This Order shall also govern the use, handling and disclosure of personal income, credit and other confidential information of Plaintiff.

2. Any party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order as confidential by typing or stamping on the front of the documents, or on portions of the documents for which confidential treatment is desired, "Confidential" if the party has a reasonable and good faith belief that the material contains personal income, credit, or other

information of the Plaintiff, or a trade secret or other confidential research, development, or commercial information of the Defendants. In any dispute over the designation of materials as confidential, the designating party shall have the burden of proving that the materials constitute personal income, credit, or other information of the Plaintiff, or a trade secret or other confidential research, development, or commercial information of the Defendants. <u>Any designation of "Confidential" will only be made after counsel of record reviews such document and/or information and certifies that such designation is appropriate under Rule 26 and is consistent with the protection of statutory or common law privacy interests.</u>

3. If a party provides a written objection to the designating party as to the designation of material as confidential, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party asserting the designation shall submit a motion to the court within fourteen (14) days of such objection or the material will not be subject to this Order. If a motion is timely filed by the designating party, the material will be subject to this Order pending a ruling by the court.

4. All documents or other materials subject to this Order shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the party asserting confidential treatment or pursuant to court order, any document or materials given confidential treatment under this Order, and any information contained in or derived from any such materials, may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than the Court and:

    A. Parties to this litigation

    B. Counsel for the respective parties to this litigation and clerks, paralegals, secretaries, or other employees of counsel;

    C. Witnesses expected to be deposed or to testify in court or by affidavit in this litigation ;

    D. Experts specially retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this order shall not be made available to any person designated in subparagraph 5(D) unless he or she shall have first read this Order and agreed to be bound by its terms by signing the attached Declaration of Compliance.

7. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of, the party asserting confidential treatment with respect to any confidential information designated by said party in accordance with this Order

8. If confidential information submitted in accordance with this Order is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure must immediately upon learning of the disclosure bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment, and make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

9. Nothing set forth herein prohibits the use in this litigation of any information designated as "Confidential." <u>Nothing in this Order will be construed as any Order by the court regarding whether such information is appropriately restricted pursuant to D.C.COLO.LCivR 7.2, and any party seeking to restrict any filing with the court must comply with D.C.COLO.LCivR 7.2.</u>

10. The Court may for good cause modify this Order or grant any party relief therefrom.

11. After the final termination of this litigation, and upon written notice by the designating party, all documents or other materials afforded confidential treatment pursuant to this Order, shall, upon request, be returned to the party or destroyed.

DATED: November 18, 2015.

By: s/ Nina Y. Wang
Magistrate Judge, United States District Court,
District of Colorado